# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

HGD/E

61744

Inmate Identification Number:

Gerry Brawen Walker,
(Enter above the full name of the plaintiff in this action)

NOTICE TO FILING PARTY

*It is your responsibility to notify the clerk in writing of any address change.*

*Failure to notify the clerk may result in dismissal of your case without further notice.*

vs.

Officer Jason Murray
Distict Judge Jeb Fannin,

CV-16-P-1054-E

(Enter above full name(s) of the defendant(s) in this action)

I.  Previous lawsuits

   A.  Have you begun other lawsuits in state or federal court(s) dealing with the same facts involved in this action or otherwise relating to your imprisonment?
   Yes ( )    No (✓)

   B.  If the answer to (A) is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuit(s) on another piece of paper, using the same outline.)

   1.  Parties to this previous lawsuit:

       Plaintiff: N/A

       Defendant(s): N/A

2

2. Court (if Federal Court, name the district; if State Court, name the county) N/A

3. Docket number N/A

4. Name of judge to whom case was assigned N/A

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) N/A

6. Approximate date of filing lawsuit N/A

7. Approximate date of disposition N/A

II. Place of present confinement Talladega County Jail

A. Is there a prisoner grievance procedure in this institution?
Yes ( )  No (✓)

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure? Yes ( )  No (✓)

C. If your answer is YES:

1. What steps did you take? denied

2. What was the result? denied

D. If your answer is NO, explain why not: denied

3

III. Parties.

In item (A) below, place your name in the first blank and place your present address in the second blank.

A. Name of Plaintiff(s) GERAY BRANDON WALKER,

Address TALLADEGA COUNTY JAIL
P.O BOX B, TALLADEGA, AL 35161

In item (B) below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item (C) for the names, positions, and places of employment of any additional defendants.

B. Defendant OFFICER JASON MURRAY, JUDGE JEB FANNIN,
Is employed as Defendant Judge Fannin 29th Judicial
at Circuit of Alabama, defendant Jason Murray

C. Additional Defendants Adress, also of 29th Circuit of Alabama
Adress for them both, Post. Box 512 Talladega
Alabama 35161, on 148 East Street, Judicial
Building, in Talladega Alabama 35161

IV. Statement of Claim

State here, as briefly as possible, the FACTS of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. <u>Do not give any legal arguments or cite any cases or statues.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets, if necessary.

defendant OFFICER JASON MURRAY and defendant District Judge Jeb Fannin, Issuing Authority, willfull deliberately Intentionally and knowinly violated plaintiff Walker, United States Constitutional Rights Fourth Fifth and the Fourteenth Amendments, when defendant Murray

4

And defendant FAWTN violated, The deprived plaintiff WALKER, OF HIS LIFE privileges, And Restraint of Liberty That were secured BY The U.S. Constitution without due process of law

V. RELIEF

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statues.

1. INJUNCTIVE Relief determination of probable cause, Hearing

2. plaintiff seeking MONETARY And punitive damages

3. Whatsoever The Court deem proper and Appropriate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 6-23-16.

Brown
SIGNATURE

ADDRESS Talladega County Jail
P.O. Box B.
Talladega, al. 35160

AIS # 61744

## Noticable Violations

1. No Attached Detailed Affidavit
   (Exibit A)

2. Forged Signatures of Judge Jeb Fannin
   (Exibit A-1 & 2) Exibit B-3

3. No Neautral & Detached Judge
   (Exibit A & B)

## (Circumstance)

On Oct. 28th, 2013 plaintiff Gerry Brannon Walker was arrested by defendant officer Jason Murray and placed in confinement at the Talladega County Jail for the alleged crimes that defendant Murray says he has probable cause for believing and does believe. On the 29th day October, 201[3] defendant Murray charged Mr. Walker with count 1 Manufac[turing] a Controlled Substance, first degree, count 2 Felony Drug [Pa]raphernalia. (See Exibit A.)

On Oct 29th 2013 defendant officer Jason Murray was acting [i]n pursuant to an arrest warrant that was not based on [p]robable cause, defendant Murray simply inserted Mr. Walkers name and address into a previously prepaired form [c]omplaint that was unaccompanied by a seperate affidavi[t] [w]hich contained only a general description of the crimes. And [th]en defendant Murray submitted this previously prepaired [fo]rm Complaint to District Judge Jeb Fannin as the sole evi[de]nce to support the issueance of the warrant. The warran[t] [de]fendant Fannin issued on Oct. 29, 2013 failed to meet [th]e minimal constitutional standards, and is clearly in[ade]quate under well established Supreme Court case law[.] [See] Exibit A.)

On Oct. 30, 2013 plaintiff Walker was ordered to an [init]ial appearance, for a determination of probable cause, [defe]ndant Jeb Fannin could not have made this determin[atio]n from this form Complaint. (see Exibit B)

[Def]endant officer Jason Murray as well as defendant Judge [Fa]nnin should have known and would have known by [us]e of its incorporation into the Fourteenth Am[endment]

The Fourth Amendment requires the State to provide a fair and reliable determination of probable cause with a hearing as a condition for any significant pretrial restraint of Lib Defendant Fannin should have known that a probable cause determination must be made by a Judicial officer either before or promptly thereafter the arrest. Defendant Murra and defendant Fannin did not provide these requirements and willfully restrained Mr Walker of his Liberty.

Defendant Murray and defendant Fannin also should have or would have known that when a state deprives a person of his Liberty after his/her arrest the constitution requires that it must be prepaired to justify, not only the initial arrest, but also the continued detention as well. These defendants failed to do both and in doing so disregarded the U.S. Constitution, willfully and intentionally depriving Mr Walker of his Life, and Restrained him of his liberty on an unconstitutional invalid warrant.

## Plaintiff Conditions

When defendant Jason Murray and defendant Judge Jeb Fannin, violated the U.S. Constitution according to these documents (Exibit A & B) which clearly show the defendant actions were unconstitutional and placed Mr. Walker in unconstitutional conditions.

Defendant Murray and defendant Fannin restrained Mr Walker of his Liberty, priviloges and immunitys. These defendants also violated Mr. Walkers constitutional, Civil rights, as well as his Rights as an American Citizen. These defendants basically took Mr. Walkers family, job and freedom.

Defendant Murray and defendant Fannin did in fact cause injury. Mr Walker suffered Mentally and Emotionally as well as Depression from prolonged confinement do to Intentional and unconstitutional actions of defendants.

## Statement of Claims

Defendant Murray and defendant Fannin failed to comply with elementary principles of procedural due process of the Fourth, Fifth, and Fourteenth Amendments of equal protection and due process of the Law 42 USC $ 1983 according to the documents of evidence herein (Exibit A and B)

Defendant Murray and defendant Fannin willfully violated the Fourth Amendment, that no Warrant shall be issued out upon Probable Cause. A finding and a determination of probable cause, supported by oath or affirmation. Defendants failed to do so. (Exibit A and B)

Defendant Murray and defendant Fannin also violated Mr Walkers Fifth Amendment, no one shall be deprived of life, liberty, or property without due process of Law. Defendant Murray provided no attached detailed Affidavit describing underlying circumstances of said charges or for his arrest. Defendant Fannin therefor issued an invalid warrant.

Defendant Murray and defendant Fannin also violated Mr. Walkers Fourteenth Amendment rights plainly and directly. Equal protection of the Law, not to be deprived of the Law. Purpose is to assure enjoyment of your rights as an American Citizen defined by the Fourteenth Amendment, mandates that no State shall deprive any person of Life and these defendants failed to do so. Also defendant Fannin was not a neutral

and detached Judicial officer or did he make a Judicia determination of probable cause. These defendants also did not provide due process of the Law or Equal protection of Law. They willfully disregarded the U.S. Constitution while violating Mr. Walkers Constitutional Rights as an American Citizen. SEE (Exibit A and B)

### The Conduct of these Defendants

Mr Walker pleads that these defendants conduct clearly violates established statutory constitutional Rights of Mr. Walker, which any reasonable person would have known. Defendants are both well trained officials who clearly crossed the bright line of the U.S. Constitution and should have not proceede once known.

Defendant Jason Murray and defendant Judge Jeb Fannin the issueing authority failed their first obligation, which was to uphold the Constitution of the United States and these defendants willfully, intentionally and delibertly failed to do so, while depriveing Mr Walker of his Civil Rights. These defendants should be held liable in their individual and supervisor capacity under color of law. USC $ 1983.

Exhibit A

**AFFIDAVIT AND WARRANT OF ARREST**

| THE STATE OF ALABAMA, } | DISTRICT COURT |
| TALLADEGA COUNTY. } | OF TALLADEGA COUNTY, ALABAMA |

# ORIGINAL COMPLAINT

Before me, the undersigned authority, personally appeared Jason Murray who being duly sworn, says on oath that he has probable cause for believing, and does believe, that in said county and State, on or about the 28th day of October, 2013, did Gerry Brannon Walker

**Count I:** Did unlawfully and knowingly while at or near Kymulga at Estate Cir., Childersburg, Talladega County, Alabama, manufacture a controlled substance, to-wit: **Methamphetamine**, while committing said offense, two or more of the following conditions occurred in conjunction with that violation. He or she, (1) was in possession of a firearm, or (2) was in use of a booby trap, or (3) was in illegal possession, transportation, or disposal of hazardous or dangerous materials, or (4) a clandestine laboratory was to take place or did take place within 500 feet of a residence, place of business, church or school, or (5) a clandestine laboratory operation actually produced any amount of a specified controlled substance, or (6) a clandestine laboratory operation was for production of controlled substances listed in Schedule I or Schedule II, or (7) a person under the age of 17 was present during the manufacturing process, in violation of Section 13A-12-218 of the Code of Alabama,

**Count II:** Did unlawfully possess with intent to deliver and/or sell or to possess with intent to use drug paraphernalia, to-wit: **Methamphetamine Lab Components** to manufacture a control substance, contrary to and in violation of Section 13A-12-260 (d)(1) of the Code of Alabama,

**Count III:** Did intentionally prevent, or attempt to prevent, a lawful arrest of himself, or other persons in violation of §13A-10-41 of the Code of Alabama,

**Count IV:** Did recklessly engage in conduct by driving dangerously, which created a substantial risk of serious physical injury to others, in violation of § 13A-6-24 of the Code of Alabama,

**Count V:** Did unlawfully and intentionally attempt to elude law enforcement,
against the peace and dignity of the State of Alabama.

Sworn to and subscribed before me this the 29th day of October, 2013.

[√] Judge  [ ] Clerk  [ ] Magistrate

---

**STATE OF ALABAMA, TALLADEGA COUNTY**  **WRIT OF ARREST**
**TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA — GREETINGS:**

You are hereby commanded to arrest: Gerry Brannon Walker and commit him to jail unless he gives bond in the sum of $100,000 for his appearance in this Court on the 5th day of December, 2013, to answer the State of Alabama on a charge of Count I: Manufacturing a Controlled Substance, First Degree; Count II: Possession of a Drug Paraphernalia, (felony); Count III: Resisting Arrest, Count IV: Reckless Endangerment, Count V: Attempting to Elude; preferred by Jason Murray.

Dated this the 29th day of October, 2013.

[√] Judge  [ ] Clerk  [ ] Magistrate

State's Witness: Jason Murray, DTF
Case #: 1013-0043TF

**DEFENDANT'S ADDRESS:** 1367 Providence Road, Talladega, AL. 35160

| DOB: 02/24/1987 | RACE: W | SEX: M | | |
| SSN: 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 | HEIGHT: 6'0" | WEIGHT: 170 | HAIR: Blond | EYES: Hazel |

Executing by arresting within Defendant and committing to jail on the 29 day of OCT 2013

JKM/np/jl

1 MCS1    4 RECK
2 VDP     5
3 REST

DOCUMENT 2

Exhibit B

881

# IN THE 29th JUDICIAL CIRCUIT OF ALABAMA

STATE OF ALABAMA,

vs.

ORDER OF INITIAL APPEARANCE

WALKER, GERRY

The Defendant was duly brought before this Court for Initial Appearance, charged with the criminal offense(s) of MANUFACTURING CONTROLLED SUBSTANCE, RODR, RECKLESS ENDANGERMENT, ATTEMPTING TO ELUDE, RESISTING ARREST at 10:38 o'clock A.M. OCT. 30, 2013 whereupon the Court:

1. (✓) Ascertained the true name and address of the defendant to be:
   GERRY WALKER
   1367 PROVIDENCE RD
   TALLADEGA, AL 35160

2. (✓) Instructed the defendant to notify the court promptly of any change of address.

3. (✓) Informed the defendant of the charges against him/her and ensured that the defendant was served with a copy of the charges.

**OR**

( ) This is a warrantless hearing and the defendant was informed of the charges against him/her. The Court finds probable cause that the defendant committed the above crime, based on the testimony of _____, who is directed to obtain a warrant in this matter within 14 days, or appear at the next District Court preliminary hearing docket and explain to the Court why he has not done so.

4. (✓) Informed the defendant of the right to be represented by counsel and that he/she would be afforded time and opportunity to retain an attorney, and further advised the defendant that if he/she was indigent and unable to obtain counsel, an attorney would be appointed by the Court to represent him/her.

5. (✓) Informed the defendant that he/she had the right to remain silent and that anything he/she said could be used against him/her.

6. (✓) Determined that the defendant may be released from custody pending further proceedings, subject to the mandatory conditions prescribed in Rule 7.3(a), A.R.Crim.P., which are that the defendant: (1) appear in Court; (2) refrain from committing any criminal act; (3) not depart the State without leave of Court.
   (✓) Execution of a good and sufficient bond in the amount of $ 100,000.00
   (✓) Random drug tests are hereby authorized and a reasonable fee may be charged by the State.
   ( ) Other conditions of bond: _____

7. (✓) Informed the defendant of the right to demand a preliminary hearing under Rule 5.1, A.R.Crim.P., and of the procedure by which that right may be exercised and Ordered the Clerk of the Court to set the case on the next available docket.

Date: 10/30/2013                    _____
                                      Judge/Magistrate

From: Gerry B Walker
Talladega County Jail
PO Box B
Talladega, AL 35161

"This correspondence is forwarded from Talladega County Jail. The contents have not been evaluated, and the Talladega County Jail is not responsible for the substance or content of the enclosed communication."

Clerk United States District Court
Northern District of Alabama
Hugo L Black United States Courthouse
1729-5th Ave North
Birmingham Al. 35203-2040

